Argued and submitted February 24, affirmed October 14, 1992

In the Matter of the Compensation of
Angela J. Peterson, Claimant.

Angela J. PETERSON,
*Petitioner,*

*v.*

JEV INC.
and SAIF Corporation,
*Respondents.*

(90-04311; CA A69926)

838 P2d 1111

Karen M. Werner, Eugene, argued the cause for petitioner. With her on the brief were Allan H. Coons and Coons, Cole & Cary, P.C., Eugene.

Steve Cotton, Special Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Claimant seeks review of an order of the Workers' Compensation Board upholding employer's refusal to pay interim compensation. We affirm.

Claimant sustained a compensable injury to her back in May, 1988. An August 25, 1989, determination order declared claimant medically stationary as of June 27, 1989, and awarded her time loss and permanent partial disability. On August 9, 1989, claimant fell and suffered an increase in symptoms of her condition. By letters of August 15 and 16, claimant's chiropractor advised employer of the August 9 incident and increased symptoms. Claimant's condition improved after the fall and did not worsen after the August 25 determination order was issued.

Employer denied claimant's request for additional compensation for the August 9 incident. Claimant did not challenge the August 25 determination order. However, she did seek review of employer's denial of her claim and employer's failure to pay interim compensation between August 9, the date of her fall, and January, 1990, when employer denied her claim. She also sought penalties and attorney fees for employer's allegedly unreasonable failure to process her claim. The Board upheld employer's denial.

Claimant argues that the Board erred in failing to order employer to pay interim compensation and in refusing to award penalties and attorney fees. She contends that, even if she did not prove an aggravation claim, employer had a procedural duty to pay interim compensation between the time of claimant's 1989 claim and its 1990 denial of the claim.

As authority for an award of interim compensation, claimant relies on ORS 656.273(6),[1] which governs only the payment of interim compensation for an aggravation claim.

---

[1] ORS 656.273(6) then provided:

"A claim submitted in accordance with this section shall be processed by the insurer or self-insured employer in accordance with the provisions of ORS 656.262, except that the first instalment of compensation due under ORS 656.262(4) shall be paid no later than the 14th day after the subject employer has notice or knowledge of medically verified inability to work resulting from the worsened condition."

The statute has since been amended. Or Laws 1990, ch 2, § 18.

Under ORS 656.273(1),[2] an aggravation occurs when,

> "[a]fter the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury."

The last arrangement of compensation was on August 25, 1989. Claimant's fall and the flare up of symptoms on which she bases her claim for additional compensation occurred on August 9. Because the alleged worsening occurred *before* the last arrangement of compensation, claimant's claim could not be for an aggravation. Accordingly, no interim compensation was due under ORS 656.273(6).

■    As the Board recognized, claimant's argument really is that the August 25, 1989, determination order was premature. However, that issue could only have been raised in an appeal of the August 25 order, which claimant did not do. As the referee explained:

> "But for the fact the Determination Order was not timely appealed from, claimant would be asking to have the Determination Order set aside as prematurely issued. However, claimant cannot raise premature claim closure because of her failure to timely appeal the Determination Order. Claimant's attempt to litigate premature closure under the guise of an aggravation claim must fail."

Employer's refusal to pay additional compensation for the August 9 incident was proper.

Affirmed.

---

[2] The statute has since been amended. Or Laws 1990, ch 2, § 18.